COLLIS P. HUNTINGTON, RESPONDENT, *v.* HENRY Y ATTRILL AND WILLIAM K. SOUTTER, APPELLANTS.

*False certificate as to the stock of a company being paid in full* — 1875, *chap.* 611, *sec.* 21—*over-valuation of property purchased by a company and paid for in stock.*

In the month of July, 1879, the defendant, Attrill, purchased from one Littlejohn a tract of land containing about 140 acres for $80,000; he paid $8,000 in cash and the balance was secured by a purchase-money mortgage upon the premises. In February, 1880, the Rockaway Beach Improvement Company was incorporated under the act of 1875, the capital stock being fixed at $700,000, the defendants Attrill and Soutter being two of the commissioners named to receive subscriptions therefor. On April thirteenth the company resolved to purchase the property for the sum of $700,000, in payment of which all the capital stock of the company was issued to the defendant Attrill, no part thereof being paid in cash. Attrill conveyed the property to the company, subject to the purchase-money mortgage, by a deed dated April first, acknowledged April tenth and recorded April seventeenth. On June 30, 1880, the defendants and others, who were directors of the company, subscribed and swore to a certificate stating that the amount of capital stock paid in full was the sum of $700,000, the full amount of the capital stock of the company.

In this action brought against the defendants by the plaintiff to recover the debt due to him from the company, upon the ground that the said certificate was false, a judgment was entered in his favor.

*Held,* that it should be affirmed, as the evidence given upon the trial justified the jury in finding that the defendants had willfully and intentionally fabricated a false certificate.

APPEAL from a judgment in favor of the plaintiff, entered upon the verdict of a jury at the Kings County Circuit, and from an order denying a motion for a new trial.

*Coles Morris, Delos McCurdy* and *Michael H. Cardozo,* for the appellants.

*B. F. Tracy,* for the respondent.

DYKMAN, J. :

The Rockaway Beach Improvement Company was constituted in pursuance of the provisions of an act of the legislature designed to provide for the organization of business corporations, and passed June 21, 1875. The certificate of incorporation required by the statute, to give life to the company, was filed in the office of the Secretary of State, on the 18th day of February, 1880, and on the 15th day of June, 1880, the plaintiff in this action loaned to the company the sum of $100,000.

As an evidence of the debt and a promise for its payment, the plaintiff received a promissory note for the full amount, made by B. E Smith, payable to the order of the Rockaway Beach Improvement Company (Limited), on demand, with interest at six per cent per annum, and indorsed as follows : "The Rockaway Beach Improvement Company (Limited), by B. E. Smith, General Manager, 139 Broadway."

The money was received by the corporation and expended for its benefit. As security for the payment of the loan, the plaintiff received $200,000 of the bonds of the company, for which it would seem he realized the sum of $932, and this action is brought for the recovery of the balance due on the loan, and it is based on the following facts :

In the month of July, 1879, the defendant, Attrill, purchased from Littlejohn a plot of land containing about 140 acres, for the consideration of $80,000. He paid $8,000 of that sum in cash, and executed a purchase-money mortgage upon the property, as security for the payment of the remainder. The amount of the capital stock of the company was $700,000, and the defendant Attrill sold and conveyed the premises purchased by him of Littlejohn, minus twenty-one acres, subject to the mortgage of $72,000 which the company assumed for the consideration of $700,000, and received his pay in the stock of the corporation, all of which was issued to him. His deed of conveyance to the corporation bears date April 1, 1880 ; it was acknowledged on the tenth day of April,

and recorded on the seventeenth day of the same month. On the 13th day of April, 1880, it was resolved by the company to purchase the property for the sum of $700,000, payable one-half in the stock of the company and the other half in cash, although Mr. Attrill testified that he knew nothing of that proposition to pay him one-half of the purchase-money in cash until after the delivery of his deed.

No question arises upon these unimportant details, and the counsel for the appellants says in his points that no part of the capital stock of the company was paid in cash, and that it was all issued to the defendant, Attrill, in payment for the land conveyed by him to the company. So that fact is to be taken as settled. On the 26th day of February, 1880, the defendants and others were elected directors of the company for the first year.

After the consummation of the sale to the corporation, and on the 30th day of June, 1880, the defendants and others subscribed and swore to a certificate of full paid stock, in which they stated that the amount of capital paid in full was the sum of $700,000, the full amount of the capital stock of the company.

Although that certificate was not literally true, yet it would have been constructively true and permissible under the statute, if the property conveyed by the defendant Attrill to the company was received for the use and legitimate purposes of the corporation at its fair value. (Section 14 of the law.)

So, conversely, the certificate was false if the property, at the time of its conveyance to the company, was not fairly worth the sum of $772,000, and that is the claim of the plaintiff ; nay more, the charge against the defendants is, that they made an excessive valuation of the property intentionally and purposely, and so brought themselves under the condemnation and penalty prescribed by the twenty-first section of the law reading as follows : " If any certificate or report made, or public notice given by the officers of any such corporation, shall be false in any material representation, all the officers who shall have signed the same shall be jointly and severally liable for all the debts of the corporation contracted while they are officers thereof."

These defendants are brought precisely within that section, and if they willfully and intentionally fabricated a false certificate of

full paid stock, as the plaintiff insists they did, then this action against them may be maintained on that ground.

So the question upon which the liability of the defendant was suspended was the intentional falsity of the certificate, and that depended upon the question in its rear — whether the property was purposely taken in at an excessive valuation. Most of the evidence adduced on the trial was aimed at that question, and a review of the testimony discloses but little encouragement to the defendants.

It would seem to require a jury, possessed of almost infantile credulity, to find that these defendants and their associates, endowed with intelligence and under control of their faculties, and their experience, could honestly believe that the property conveyed was fairly worth the enormous sum of $772,000.

The charge of the trial judge was favorable to the defendants; and imposed upon the plaintiff a burden which was heavy almost beyond the requirements of the law, but which he sustained so successfully as to obtain the verdict of the jury under the pressure of its heavy weight, and the verdict is well supported by the evidence.

The scheme conceived by these defendants and their associates, and partially carried into execution, is almost beyond the imagination of prudent men, and verges into folly, and if courts and juries fail to allow them credit for honest motives, the failure results from inherent difficulties which seem to be insurmountable.

The result may be unfortunate for these defendants, but their difficulties seem to be radical and beyond remedy. We cannot interfere with the judgment.

We have examined all the exceptions of the defendants disclosed by the record with a care commensurate with the importance of the case, and we discover no error.

The judgment should be affirmed, with costs.

BARNARD, P. J., concurred.

Judgment and order denying new trial affirmed, with costs.